In re "AGENT ORANGE" PRODUCT LIABILITY LITIGATION.

No. CV 80–1273.
MDL No. 381.

United States District Court,
E. D. New York.

June 4, 1980.

Victor J. Yannacone, Jr., Yannacone & Yannacone, Patchogue, N. Y., Schlegel & Trafelet, Ltd., L. Steven Platt, Daniel C. Sullivan, Sullivan Associates, Ltd., Chicago, Ill., Hy Mayerson, Spring City, Pa., David Jaroslawicz, New York City, Newton B. Schwartz, P. C., Benton Musslewhite, Inc., Houston, Tex., Melvin Block, Brooklyn, N. Y., Marshall A. Bernstein, Bernstein, Bernstein & Harrison, Philadelphia, Pa., Louis B. Merhige, New Orleans, La., Dennis M. O'Malley, Grant & Artesani, Boston, Mass., Dorothy Thompson, Los Angeles, Cal., W. T. McMillan, W. T. McMillan & Co., associated counsel for Australian plaintiffs, Brisbane, Queensland, Australia, Jerry G. Wieslander, Frank G. Wieslander, Altoona, Iowa, Lewis A. Royal, Samuel Zelden, Des Moines, Iowa, David C. Anson, Deconcini, McDonald, Brammer, Yetwin & Lacy, Tucson, Ariz., Phillip E. Brown, Hoberg, Finger, Brown, Cox & Molliga, San Francisco, Cal., Leslie Hulnick, Wichita, Kan., Sidney W. Gilreath, Knoxville, Tenn., Stephen J. Cavanaugh, Bellaire, Tex., Robert P. Schuster, Spence, Moriarty & Schuster, Jackson, Wyo., Alton C. Todd, Brown & Todd, Alvin, Tex., Jules B. Olsman, Southfield, Mich., Gerald J. Adler, Crow, Lytle, Gilwee, Donoghue, Adler & Weninger, Sacramento, Cal., Jack E. London, Miami, Fla., David J. Ghilardi, Madison, Wis., William G. Morgan, William A. Cohan, Denver, Colo., William J. Risner, Tucson, Ariz., James L. Witzel, McKelvey, Cottom & Witzel, East Lansing, Mich., Robert I. P. Pasternak, Jane R. Kaplan, Berkeley, Cal., Norton Frickey, Denver, Colo., Dante Mattioni, Philadelphia, Pa., Elgin L. Crull, Louisville, Ky., Charles J. Traylor, Grand Junction, Colo., Victor L. Marcello, Talbot, Sotile, Carmouche, Waquespach & Marchand, Donaldsonville, La., Janet T. Phillips, Rodgers, Monsley, Woodbury & Berggreen, Las Vegas, Nev., William D. Nelsch, Denver, Colo., Robert C. Huntley, Jr., Racine, Huntley & Olson, Pocatello, Idaho, Jacque B. Pucheu, Pucheu & Pucheu, Eunice, La., Jeffrey M. Stopford, Litvin, Blumberg, Matusow & Young, Philadelphia, Pa., Joseph D. Jamail, Jamail & Kolius, Houston, Tex., Leonard W. Schroeter, J. Kathleen Learned, Schroeter, Goldmark & Bender, P. S., Seattle, Wash., for plaintiffs.

Leonard L. Rivkin, Rivkin, Leff & Sherman, Garden City, N. Y., for Dow Chemical.

Morton B. Silberman, Clark, Gagliardi & Miller, White Plains, N. Y., Baker & McKenzie, Chicago, Ill., for Thompson-Hayward.

Wendell B. Alcorn, Jr., Cadwalader, Wickersham & Taft, New York City, for Diamond Shamrock.

Townley & Updike, New York City, for Monsanto.

Bud Holman and William Krohley, Kelley, Drye & Warren, New York City, for Hercules, Inc.

William H. Sanders, William A. Lynch and Paul G. Lane, Blackwell, Sanders, Matheny, Weary & Lombardi, Kansas City, Mo., for N. A. Phillips.

John M. Fitzpatrick, Dilworth, Paxson, Kalish, Lelvy & Kauffman, Philadelphia, Pa., for Hooker Chemical Co.

Joan Bernott, Dept. of Justice, Washington, D. C., for third-party defendant U. S.

Roy L. Reardon, James P. Barrett, and Michael V. Corrigan, Simpson, Thacher & Bartlett, New York City, for Ansul Co.

Damien T. Wren, Lewis, Overbeck & Furman, Chicago, Ill., for Riverdale Chemical Co.

## MEMORANDUM AND ORDER

GEORGE C. PRATT, District Judge.

By order to show cause returnable June 4, 1980, defendant Thompson-Hayward Chemical Company, joined by defendants Dow Chemical Company, Hercules, Monsanto and Diamond Shamrock, seeks an order striking plaintiff's notice to take plaintiff's deposition by videotape on June 6, 1980 at 10:00 a. m.

At oral argument the defendants' objections to plaintiff's notice were reduced to problems of timing. Defendants argue that plaintiff's failure to respond to their requests for medical information and records has deprived them of the ability to properly prepare for the June 6 deposition. Counsel for plaintiff insists that his client's physical condition requires that the deposition be taken as soon as possible.

Having considered the affidavit of plaintiff's physician and the arguments and submissions of counsel, the court has determined that the deposition of plaintiff should proceed as scheduled on June 6, 1980 at 10:00 a. m. at the federal courthouse in Philadelphia. The parties are to use the videotape deposition procedures previously set forth in the court's January 18, 1980 memorandum and order in the *Hartz* case, 79 C 2752.

As with the Hartz deposition, the court recognizes that defendants may not be able to fully prepare their cross-examination of plaintiff in time for the June 6 deposition. Nevertheless, defendants will have an opportunity to cross-examine plaintiff at the June 6 deposition, and the court expects that defendants will exercise that opportunity to the greatest extent possible under the circumstances. Defendants will then have the opportunity to conduct any additional cross-examination they require on 5 days' notice.

If plaintiff's condition ultimately prevents the defendants from obtaining full and complete cross-examination, the diligence of the parties in preparing for and obtaining the full testimony of plaintiff may be an important factor in deciding whether plaintiff will be permitted to use any of the deposition testimony taken.

SO ORDERED.